**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Voto Latino Foundation, et al., <br>            Plaintiffs, <br> v. <br> Katie Hobbs, <br>            Defendant. | No. CV-19-05685-PHX-DWL <br><br> **ORDER** |

Pending before the Court is the Secretary of State's emergency motion for a stay. (Doc. 26.) For the following reasons, the motion will be granted in part and denied in part.

**BACKGROUND**

This lawsuit involves a challenge to an Arizona law providing that mail-in ballots "must be received by the county recorder or other officer in charge of elections or deposited at any polling place in the county no later than 7:00 p.m. on election day." *See* A.R.S. § 16-548(A). Plaintiffs—a pair of non-profit organizations and a registered voter who is currently a law student—contend this law "has a disproportionate impact on rural and Hispanic and Latino voters in Arizona." (Doc. 21 ¶ 44.) Thus, Plaintiffs seek to challenge the law under two constitutional theories: (1) it results in an undue burden on the right to vote and (2) it violates Arizona voters' procedural due process rights. (*Id.* ¶¶ 59-76.)

To illustrate the alleged harms arising from A.R.S. § 16-548(A), the complaint focuses heavily on the 2016 election. (Doc. 1 ¶¶ 1, 36.) It also includes statistics and other allegations pertaining to the 2018 election. (*Id.* ¶¶ 6, 27.) Nevertheless, Plaintiffs did not

initiate this lawsuit until November 2019. (Doc. 1.) Additionally, Plaintiffs amended their complaint in December 2019 (Doc. 11) and then, after the Secretary filed a motion to dismiss (Doc. 17), the parties entered into a stipulation authorizing Plaintiffs to file a second amended complaint and authorizing the Secretary to have until March 20, 2020 to file a responsive pleading. (Doc. 20.)

On February 24, 2020, Plaintiffs filed their second amended complaint. (Doc. 21.) The following day, Plaintiffs filed a motion for preliminary injunction. (Doc. 22.) In a nutshell, it seeks an order compelling Arizona election officials to accept "ballots that arrive at the respective county recorder's office within, at a minimum, five business days of Election Day and contain indicia, such as a postmark, identifying those ballots as sent on or before Election Day." (*Id.* at 6.) In other words, the preliminary injunction seeks to regulate future conduct that will be occurring in November 2020.

On March 4, 2020, the Secretary filed an emergency motion to stay. (Doc. 26.) The Secretary requests permission to delay responding to the preliminary injunction motion— the response would ordinarily be due within 14 days of filing, *i.e.,* by March 10, 2020— until after the Court rules upon her yet-to-be-filed motion to dismiss. (*Id.* at 1.) She contends a stay is warranted because (1) Plaintiffs' constitutional claims are "tenuous" on the merits, so it would "preserve judicial and State resources"[1] to litigate the motion to dismiss before turning to the preliminary injunction motion, (2) she needs additional time to respond to the preliminary injunction motion because Plaintiffs submitted "two lengthy expert reports" in support of the motion and she must therefore "procure her own expert(s)," which is a "herculean task" that cannot be accomplished in 14 days (particularly because her counsel is currently embroiled in other active election-related litigation), and (3) the request for injunctive relief does not need to be resolved on an urgent basis because the underlying conduct has been in place for years and Plaintiffs waited for months after

---

[1] On the issue of state resources, the Secretary elaborates: "The Secretary believes that this suit should easily be disposed of at the motion to dismiss phase. If this case can be decided on a motion to dismiss without the need for experts or further proceedings, then Arizona's taxpayers should not be required to incur tens of thousands of dollars for expert analysis if the PI Motion is mooted by dismissal." (Doc. 26 at 4.)

filing suit to file their motion for a preliminary injunction. (*Id.* at 2-5.)

On March 11, 2020, Plaintiffs filed a response. (Doc. 28.)[2] Plaintiffs oppose the stay request, arguing that (1) they didn't engage in unreasonable delay before filing suit or seeking injunctive relief (they filed suit well in advance of the 2020 election and filed the motion as soon as they received data they had previously requested from certain county officials), (2) if the resolution of the motion for injunctive relief were delayed, that could result in "last-minute changes" before the November election that would be disruptive to voters and election officials, (3) the Secretary's current ability to make arguments concerning the supposed lack of merit underlying Plaintiffs' constitutional claims belies her suggestion that she needs additional time to formulate a substantive response to the motion, (4) the Secretary's claims concerning her limited resources are difficult to reconcile with the fact that she is represented by the 400-attorney Attorney General's office and also has access to outside counsel, and (5) this case is no different from other voting rights cases involving claims for injunctive relief, and courts typically enforce 14-day response deadlines in those cases. (*Id.*)

**DISCUSSION**

The Secretary's stay request will be granted in part and denied in part. On the one hand, the Court disagrees with Plaintiffs' contention that the Secretary should be required to respond to the preliminary injunction motion within 14 days of when it was filed. This is not a typical request for a preliminary injunction, where a plaintiff is seeking to enjoin ongoing conduct that is causing more harm each day. To the contrary, the requested injunction is geared toward the administration of the November 2020 election. Although the Court wholeheartedly agrees with Plaintiffs that their request for injunctive relief needs to be resolved far in advance of November 2020, so that voters and election officials aren't presented with last-second voting changes, this doesn't mean that the Secretary needs to file her response by mid-March 2020. There is plenty of time between now and November

---

[2] On March 5, 2020, the Court issued an order expediting the deadline for Plaintiffs to file a response to the stay motion and temporarily staying the deadline for the Secretary to respond to the preliminary injunction motion. (Doc. 27.)

- 3 -

2020 to brief the issues in an orderly fashion, hold a hearing, and reach a resolution. Under these circumstances, it would be unfair to allow Plaintiffs to be aware of their theories and claims for years, work with experts over that time span to develop reports, and then dump everything on the Secretary in a blur and demand a response in 14 days.

On the other hand, the Court disagrees with the Secretary's proposal to postpone the briefing on the preliminary injunction request until after her motion to dismiss is filed, briefed, and resolved. Some of the issues she seeks to raise in her yet-to-be-filed dismissal motion are intertwined with the issues raised in Plaintiffs' motion for preliminary injunction, so there is no need to place the motions on separate tracks. *See, e.g., Caspar v. Snyder*, 77 F. Supp. 3d 616, 623 (E.D. Mich. 2015) ("The preliminary injunction motion and the motion to dismiss are discussed below in tandem, as they both require inquiry into the viability of Plaintiffs' claims."); *Incantalupo v. Lawrence Union Free Sch. Dist. No. 15*, 652 F. Supp. 2d 314, 317 n.1 (E.D.N.Y. 2009) ("The Court is addressing both Plaintiffs' motion for a preliminary injunction and Defendants' motion to dismiss."); *Wolfson v. Brammer*, 2008 WL 4372459, *1 (D. Ariz. 2008) (in election-related dispute, court held consolidated oral argument on motion for preliminary injunction and motion to dismiss). Additionally, the Court has some concern that, if it were to proceed in this fashion, and the Secretary's motion to dismiss were ultimately denied, this would delay the litigation concerning the preliminary injunction until too close to election day.

Accordingly, **IT IS ORDERED** that:

(1) The Secretary's emergency motion for stay (Doc. 26) is **granted in part and denied in part**. The briefing schedule for the two motions will be as follows.

(2) As for the Secretary's motion to dismiss the second amended complaint, the motion must be filed by **March 20, 2020**. (Doc. 24.) Because some of the Secretary's arguments may pertain to subject matter jurisdiction, Plaintiffs shall have 30 days (*i.e.,* until **April 20, 2020**) to file a response. *See* LRCiv 12.1(b). The Secretary may file a reply within 7 days of receipt of the response.

(3) As for Plaintiffs' pending motion for a preliminary injunction (Doc. 22), the

Secretary shall have until **April 20, 2020** to file a response. This is nearly two months after the motion was filed, which should afford the Secretary ample time to formulate a response. Plaintiffs may file a reply within 7 days of receipt of the response.

(4) Given the above, both motions should be fully briefed (absent any extension requests by the parties) by April 27, 2020. Although the Court obviously has not yet reviewed the parties' arguments, and therefore expresses no view on the merit of the parties' positions, it seems likely that a hearing will be helpful in this case. Thus, the parties are directed to meet and confer to identify three dates on or after May 20, 2020 on which they are available for a full-day evidentiary and motion hearing. The parties shall inform the Court of these possible dates through a joint filing.

Dated this 13th day of March, 2020.

_____
Dominic W. Lanza
United States District Judge